IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN RAMOS,** | : | |
| Petitioner | : | **CIVIL NO. 1:CV-05-0739** |
| | : | |
| v. | : | **(Judge Kane)** |
| | : | |
| **RONALD HOLT, Warden,** | : | |
| Respondents | : | |

## M E M O R A N D U M

**I.   Introduction**

Steven Ramos, a federal prisoner confined at the Schuylkill Federal Correctional Institution ("FCI-Schuylkill") in Minersville, Pennsylvania, commenced this action with a *pro se* petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241.  Named as Respondent is FCI-Schuylkill Warden Ronald Holt.  Petitioner is challenging his sentence and conviction, claiming his sentence was unconstitutionally enhanced, he was denied a jury determination of his sentencing enhancements, and he is innocent of the charges used as sentencing enhancements.  For the following reasons, the petition will be dismissed without prejudice.

**II.   Background**

Petitioner states that on June 26, 1992, he was convicted in the United States District Court for the Southern District of New York of "various drug related offenses including Continuing Criminal Enterprise (CCE) violation, sale of heroin and maintaining premises for drug purposes." (Doc. 1 at 10.)  As a result of the conviction, on January 23, 1993 Petitioner was sentenced to a term of imprisonment of forty (40) years on the CCE violation, and twenty (20) years for each of the remaining offenses.  (Id.)  The twenty (20) year sentences were to run consecutively to each other, but concurrently with the forty (40) year sentence.  (Id.)

Thereafter, Petitioner filed a motion for relief under 28 U.S.C. § 2255, and the motion was denied on June 25, 2001. (Id. at 20.) Petitioner filed the present petition for habeas relief under 28 U.S.C. § 2241 on April 13, 2005. He claims that: (1) his conviction was obtained "in violation of a treaty of the United States" (Id. at 16), and (2) his sentence was improperly enhanced under U. S. Sentencing Guideline Sections 2D1(a), 2D1.8, 2K2.1, and 3B1.1(a). (Id. at 11-12.)

### III.    Discussion

#### A.  Summary Dismissal of Petition

Habeas corpus petitions brought under both §2254 and § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141. The Petitioner has prepared his petition pro se, and this Court is mindful that "such petitions are to be liberally viewed with tolerance and forbearance." Allen, at 142. However, even the most liberal interpretation of Petitioner's document does not salvage this case.

2

**B.  Unavailability of Section 2241**

Generally, a challenge to the validity of a federal conviction or sentence must be brought in a § 2255 motion. See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999).  Thus, the Petitioner's proper avenue of relief is a § 2255 motion filed in the district court where he was convicted, see United States v. Hatcher, 76 F. Supp. 2d 604, 606 (E.D. Pa. 1999), unless the Petitioner can show that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000).

The Third Circuit has stated that such inadequacy or ineffectiveness is present, thereby allowing a § 2241 petition to substitute for a § 2255 motion, only where it is established "'that some limitation of scope or procedure would prevent a § 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" Brooks, 230 F.3d at 648 (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)).  A habeas petitioner bears the burden of proving that § 2255 is inadequate or ineffective to test the legality of his conviction. Reyes-Requena v. U.S., 243 F.3d 893, 901 (5th Cir. 2001).

However, § 2255 is not inadequate or ineffective merely because Petitioner is unable to meet the gatekeeping requirements and limitations of the section, or that he has been denied permission to file a second or successive petition. In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).  In Dorsainvil, the United States Court of Appeals for the Third Circuit held that a federal prisoner, barred by the requirements of § 2255 for a second or successive petition, could seek relief in a § 2241 petition if the prisoner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in

3

substantive law may negate . . . ." Dorsainvil, 119 F.3d at 251.  Critical to Dorsainvil was the fact that the defendant's conduct for which he was convicted no longer constituted a crime.  By contrast, although Petitioner claims that he is "actually innocent of the enhancements" (Doc. 1 at 6), he never alleges that he is innocent of the underlying drug offenses.  Whether Petitioner has sought permission to file a further § 2255 motion, and was denied, or he is simply assuming the unavailability of a further § 2255 motion from the specific language of the Code, § 2255 is not inadequate or ineffective merely because Petitioner is unable to meet the gatekeeping requirements and limitations of the section.  Dorsainvil, 119 F.3d at 251.  If he has sought such permission, and been denied, then the Court must dismiss the present petition under 28 U.S.C. § 2244(a).[1]  If permission has not been sought, he must do so under § 2244(b)(3)(A).[2]  At best, Ramos has only demonstrated a personal inability to utilize the § 2255 remedy.  He does not, however, establish the inadequacy or ineffectiveness of the remedy.

The thrust of Ramos' claim is that his federal sentence was improperly enhanced by factors not presented to, or determined by, a jury.  In support of his petition, he cites the United States Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 124 S.Ct. 2531 (2004), and U.S. v. Booker, 125 S.Ct. 738 (2005).  In Apprendi, the Court held that any fact other

---

[1]28 U.S.C. § 2244(a) states:
"No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in Section 2255."

[2]28 U.S.C. § 2244(b)(3)(A) states:
"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

than a prior conviction "that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. In Blakely, the Court held that the Sixth Amendment does not permit a sentencing judge to increase a sentence based on facts that were neither admitted by the defendant nor reflected in the jury's verdict. Booker reaffirmed Apprendi, adding that the Federal Sentencing Guidelines were advisory and not mandatory. However, a new rule of criminal procedure will not apply "to those cases which have become final before the new [rule is] announced." Teague v. Lane, 489 U.S. 288, 310 (1989), unless the new rule applies retroactively. Although the Supreme Court has stated that the Apprendi line of cases, "of which Booker is surely one" Lloyd v. U.S., – F.3d –, 2005 WL 1155220, *5 n. 2, announced a new rule of criminal procedure, the Supreme Court has not made a ruling that Apprendi, Blakely or Booker may be applied retroactively. Since the cases may not presently be applied retroactively to cases on collateral review, this Court is precluded from doing so. See U.S. v. Pinkston, 153 F.Supp.2d 557 (M.D. Pa. 2001). Thus, as it is plain that Petitioner is not entitled to relief, the Court will dismiss this § 2241 petition pursuant to Rule 4. An appropriate order follows.

**IV.     Order**

     **AND NOW**, in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) is **DISMISSED**, without prejudice to any right Petitioner may have to move in the appropriate court of appeals for an order authorizing the district court to consider a successive § 2255 motion

pursuant to 28 U.S.C. § 2244(b)(3)(A).

2. The Clerk of Court is directed to **CLOSE** this case.

3. There is no basis for issuance of a certificate of appealability.

                                                    S/ Yvette Kane
                                                    YVETTE KANE
                                                    United States District Judge

Dated: September 7, 2005